IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH TRZECIAK, # B-42301, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-219-SMY |
| | ) |
| KIMBERLY BUTLER, | ) |
| JACOB BOHNERT, | ) |
| LT. SHAWNBECK, | ) |
| and UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. On June 22, 2016, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") and ordered him to pay the $400.00 filing fee no later than July 13, 2016 (Doc. 7). His payment deadline was later extended to August 19, 2016 (Doc. 9). Both orders clearly warned Plaintiff that failure to pay the filing fee would result in dismissal of this case. The date to pay the filing fee has passed and Plaintiff has failed to pay.

Accordingly, this action is **DISMISSED** without prejudice for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). All pending motions are **DENIED AS MOOT.** This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency

having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Menard Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of the judgment and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
United States District Judge
